UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., AS SUCCESSOR TRUSTEE TO LASALLE BANK, N.A., AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-FF18,<br><br>        Plaintiff,<br><br>              v.<br><br>JOSE J. ALVES and AMELIA M. ALVES,<br><br>        Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*   Civil Action No. 15-30104-MGM<br>*<br>*<br>* |

ORDER REGARDING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
(Dkt. No. 33)

November 15, 2016

MASTROIANNI, U.S.D.J.

Having considered the written submissions of the parties and oral argument on Plaintiff's Motion for Summary Judgment, the court grants Plaintiff's motion as to Counts I, II, and III of the Complaint. As "Massachusetts does not require a mortgage holder to obtain judicial authorization to foreclose on a mortgaged property," the court denies Plaintiff's motion as to Counts IV and V of the Complaint. *U.S. Bank Nat. Ass'n v. Ibanez*, 941 N.E.2d 40, 49 (Mass. 2011). The court denies without prejudice Plaintiff's motion as to Count VI of the Complaint. Plaintiff may file a renewed motion within ninety days after the date a foreclosure sale of the property located at 303 Winsor Street, Ludlow, MA (the "Property") is completed.

Consistent with these rulings, it is hereby

ORDERED that, the mortgage on the Property, given by Jose J. Alves and Amelia M. Alves to Mortgage Electronic Registration Systems, Inc., as nominee for First Franklin a Division of National City Bank, dated October 26, 2006, and recorded with the Hampden County Registry of Deeds in Book 16294, Page 282 ("Alves Mortgage") is hereby reformed *nunc pro tunc* to reflect the complete description of the Property as follows:

The land in Ludlow, Hampden County, Massachusetts, bounded and described as follows:

PARCEL #1:
Beginning at an iron bar in the northerly line of Winsor Street, so-called, said iron bar being a point in a curve, said curve having a radius of 2,436.49 feet and being distant westerly eighty-two and 21/100 (82.21) feet measured on a 100 foot chord from a point; said point being in a line at right angles to the southerly line of Winsor Street, said angle being turned from a stone bound at the tangent point in Winsor Street southerly line, and distant fifty (50) feet therefrom; thence running WESTERLY in a curve to the right along said northerly line of Winsor Street fifty (50) feet measured on a long chord to an iron bar; thence turning an internal angle of 89° 24' 45" and running NORTHERLY along the radial line of said curve, one hundred thirteen and 54/100 (113.54) feet, to an iron bar in the southerly line location which was formerly the Athol Branch of the Boston and Albany Railroad; thence running EASTERLY in a curve to the left with a radius of two thousand eight hundred ninety-seven and 93/100 (2,897.93) feet along said railroad location line forty-seven and 85/100 (47.85) feet measured on a long chord to an iron bar, said chord making an internal angle with the previously described line of 87° 02'; thence turning an internal angle of 94° 08' 30" with said chord and running SOUTHERLY on a radial line of the first mentioned curve, one hundred ten and 59/100 (110.50) feet to the point of the beginning, the last line forming an internal angle of 89° 24' 45" with the line first described.

PARCEL #2:
Beginning at an iron bar at the northwesterly corner of land now or formerly of Augusto Diotalevi, et ux, said iron bar being distant northerly one hundred thirteen and 54/100 (113.54) feet from there southwesterly corner of land of said Diotalevi, et ux., on the northerly side of line of Winsor Street, said last mentioned corner being about Seven hundred seventy-one and 67/100 (771.67) feet Easterly from the intersection of said northerly line of Winsor Street and the southerly line of East Street; thence running NORTHERLY thirty-three (33) feet on the projection of the westerly line of the aforesaid Diotalevi, et ux. To the center line of location which was formerly the Athol Branch of the Boston & Albany Railroad; thence turning and running EASTERLY in a curve to the left along said center line, forty-seven and 25/100 (47.25) feet measured on a chord, said curve having a radius of two

thousand eight hundred sixty-four and 93/100 (2,864.93) feet; thence turning and running SOUTHERLY thirty-three feet to an iron bar at the northeasterly corner of the said Diotalevi's land; thence turning and running WESTERLY in a curve to the right, forty-seven and 85/100 (47.85) feet measured on a chord to the point of beginning; said curve having a radius of 2,897.93 feet.

Containing 1,569 square feet of land more or less.

PARCEL #3:

Beginning at an iron pin at the northwesterly corner of land now or formerly of Augusto Diotalevi, et ux. on the northerly side of Winsor Street, said land being more particularly described in a deed recorded as aforesaid Book 1712, Page 553, and being Parcel #2 hereinabove described, said pin also being in the center line of what was formerly the Boston & Albany Athol Branch Railroad Location; thence running NORTHERLY in a continuation of said Diotalevi's westerly line and along land of the Ludlow Manufacturing & Sales Co. land, now or formerly of, thirty-three and 04/100 (33.04) feet to an iron pin in the northerly line of said Railroad Location and at land now or formerly of one Bourgelas; thence running EASTERLY along land now or formerly of said Bourgelas, also along said Railroad northerly location line and in a curve to the left, said curve having a radius of 2,831.93 feet, a chord distance of forty-six and 6/10 (46.6) feet to an iron pin at land now or formerly of one Quaglini; thence running SOUTHERLY along land now or formerly of said Quaglini and in a continuation of said Diotalevi's easterly line, thirty-three and 04/100 (33.04) feet to an iron pin at said Diotalevi's northeast corner and also in the center line of said Railroad location; thence running WESTERLY along land now or formerly of said Diotalevi, et ux., also along said Railroad center line and in a curve to the right, said curve having a radius of 2,864.93 feet, and chord distance of forty-seven and 25/100 (47.25) feet to the point of beginning.

Containing about 1,548 square feet of land, more or less.

DECLARED AND ADJUDGED that, U.S. Bank National Association Successor Trustee to Bank of America, N.A. as Successor Trustee to Lasalle Bank, N.A. as Trustee for the holders of the First Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates, Series 2006-FF18 ("U.S. Bank") is the holder/owner of the Note executed and delivered by Jose J. Alves and Amelia M. Alves to First Franklin a Division of National City Bank in the amount of one hundred fifty thousand and 00/100 ($150,000.00) dollars ("Martinez Note"), and it is further;

DECLARED AND ADJUDGED that, U.S. Bank is the true and lawful mortgagee of the Alves Mortgage, and it is further;

DECLARED AND ADJUDGED that, Jose J. Alves and Amelia M. Alves defaulted under the terms of the Alves Mortgage Loan due to their failure to make the April 1, 2011, payment and all subsequent payments thereunder, and it is further;

DECLARED AND ADJUDGED that, due to their default, Jose J. Alves and Amelia M. Alves are in breach of under the terms of the Mortgage Loan Contract, and it is further;

DECLARED AND ADJUDGED that, U.S. Bank, through its servicer Select Portfolio Servicing, Inc. ("SPS"), has complied with the requirements of G.L. c. 244, §§ 35A & 35B by sending Jose J. Alves and Amelia M. Alves a 150-day Notice of Default and Right to Cure and a Notice of Right to Pursue a Modified Mortgage Loan on February 22, 2013, and it is further;

DECLARED AND ADJUDGED that, U.S. Bank, through its servicer SPS, complied with the contractual pre-foreclosure notice requirements set forth in the Alves Mortgage by sending Jose J. Alves and Amelia M. Alves a 30-day Notice of Default on February 21, 2014 which strictly complied with the notice provision set forth in Paragraph 22 of the Alves Mortgage, and it is further;

DECLARED AND ADJUDGED that, Jose J. Alves and Amelia M. Alves are not entitled to benefits of the Servicemembers Civil Relief Act, 50 U.S. App. § 501 (*et seq*).

It is So Ordered.

　　　　　　　　　　　　　　　　　　　　　/s/ Mark G. Mastroianni
　　　　　　　　　　　　　　　　　　　　MARK G. MASTROIANNI
　　　　　　　　　　　　　　　　　　　　United States District Judge

.